UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ARNOLD CROSSROADS, L.L.C.,        )
                                  )
          Plaintiff,              )
                                  )
     vs.                          )     Case No. 4:10CV2173 HEA
                                  )
GANDER MOUNTAIN COMPANY,          )
                                  )
          Defendant.              )

## OPINION, MEMORANDUM AND ORDER

_____This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No.

8]. Defendant opposes the Motion. For the reasons set forth below, the Motion is

granted.[1]

## Facts and Background

On February 24, 2009, Plaintiff filed a Petition in the Circuit Court of

Jefferson County, Missouri, seeking judgment against Defendant, in the amount of

$43,872.40, plus statutory interest. Plaintiff sought this amount of damages for an

alleged breach of Defendant's obligations under a written lease agreement.

On May 14, 2009, Defendant removed the matter to this Court on the

grounds of diversity of citizenship, 28 U.S.C. § 1332, 1441 and 1446. Defendant

---

[1] In light of the Court's decision that remand is proper, Defendant's Motion to file a
Crossclaim will not be addressed by this Court.

urged that, in spite of the demanded amount, this matter was subject to removal because the total amount of the payments under the lease in question ($7,871,760.60), exceeds $75,000.00.

On January 12, 2010, the Court remanded this case to the Circuit Court for Jefferson County on the ground that the Court lacked subject matter jurisdiction; the amount in controversy did not satisfy the jurisdictional requirement of an amount in excess of $75,000.00.

Subsequently, Plaintiff filed a motion in the circuit court to amend its Petition. The amended pleading sought to assert additional breaches of the lease that had allegedly occurred since the original filing of Plaintiff's suit. Defendant opposed the motion. On October 22, 2010, the circuit court granted Plaintiff leave to amend.

Defendant again removed the action on November 19, 2010. Plaintiff now moves to remand on the ground that the removal is untimely. Plaintiff relies on 28 U.S.C. § 1446(b), which prohibits removals more than one year after the commencement of the action.

### Discussion

Section 1446 of Title 28 establishes the procedure for removal from state court. Relevant to the instant case is § 1446(b), which provides:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (2006). Ultimately, the burden is on a defendant who removes a state court action to federal court to prove that federal jurisdiction exists over the state court suit.

Plaintiff's original action sought damages below the jurisdictional amount in controversy requirement. The state court allowed the amendment which raised the amount in controversy to an amount that would satisfy Section 1332 of Title 28.

Defendant contends that action became removable with the filing of the second amended complaint. This Court disagrees. "Commencement" in the context of § 1446(b) refers to "when the action was initiated in state court, according to state procedures." *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 688 (9th

Cir.2005). "It is clear that a federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to federal court...." *Cannon v. Kroger Co.*, 837 F.2d 660, 664 (4th Cir.1988); see also *Weekley v. Guidant Corp.*, 392 F.Supp.2d 1066, 1067 n. 1 (E.D.Ark.2005) ("State law governs when a civil action is commenced for purposes of removal.") (citing *Winkels v. George A. Hormel & Co.*, 874 F.2d 567, 570 (8th Cir.1989)). In Missouri, a civil action is commenced by filing a petition with the court. Mo.S.Ct. R. 53.01. This can only be interpreted to mean [a] civil action, viewed as the whole case, the whole proceeding, can only be commenced once. Pleadings may be amended, but amending pleadings does not commence a civil action.... [A] civil action, viewed as the entirety of the case or the entirety of the proceeding, commence[s] when the initial complaint [i]s filed. *Weekley*, 392 F.Supp.2d at 1067-68 (internal citation omitted). Based on this interpretation of Missouri law, as applied in the context of removal to federal court, the amended petition, which added additional rent payments which had not been paid after the filing of the original petition, did not commence a new action and, thus, did not constitute an "initial pleading."

In response to the motion to remand, Defendant argued that, even if it did not meet the requirements of § 1446(b), the deadlines should be equitably tolled in

this instance. This Court has recently addressed whether the one-year deadline

included in § 1446(b) may be equitably tolled:

> The circuits disagree as to whether the one-year limit is subject to equitable tolling. See *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 425-26 (5th Cir.2003) (discussing disagreement). Although the Eighth Circuit has not discussed this precise issue, it has stated that "[f]ailure of a party to remove within the one year limit precludes any further removal based on diversity." *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir.2002).
>
> The legislative history of Section 1446(b) provides as follows: Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court. The elimination of parties may create for the first time a party alignment that supports diversity jurisdiction. Under section 1446(b), removal is possible whenever this event occurs, so long as the change of parties was voluntary as to the plaintiff. Settlement with a diversity-destroying defendant on the eve of trial, for example, may permit the remaining defendants to remove. Removal late in the proceedings may result in substantial delay and disruption.
>
> H.R.Rep. No. 100-889, at 72 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33.
>
> Defendant relies primarily upon case law from the Fifth Circuit to argue that the one-year limit is subject to an equitable exception. Courts within this district, however, have found based on the plain language of the statute as well as its legislative history that the one-year limitation is absolute. See *Banks v. Archer Daniels Midland Co.*, No. 4:10CV700 DDN, 2010 WL 2265165, at * 2 (E.D. Mo. June 2, 2010); *Bancservs. Group, Inc. v. W. Nat'l Bank*, No. 1:08CV13 HEA,

2008 WL 922308, at * 1 (E.D.Mo. Mar. 31, 2008); *Harris v. Alamo Rent A Car*, LLC, No. 4:07CV865 JCH, 2007 WL 1701868, at * 2 (E.D. Mo. June 11, 2007).

\* \* \*

Although defendant contends that this is a case of first impression, this district considered whether an equitable exception should be applied when allegations of misconduct and forum manipulation were present in *Advanta Tech. Ltd. v. BP Nutrition, Inc*., No. 4:08CV00612ERW, 2008 WL 4619700, at *2 (E.D.Mo. October 16, 2008). In *Advanta*, the defendants argued that the plaintiffs misrepresented to the court that the only non-diverse plaintiff was the real party in interest, when the evidence demonstrated otherwise, thereby destroying diversity. The defendants claimed that equitable tolling was appropriate due to plaintiff's misrepresentation. The court granted the plaintiff's motion to remand, stating "[i]f this Court had discretion to deny Plaintiff's Motion to Remand, this case would remain pending before the Court, however, in light of recent Court opinions, the Court now finds that 28 U.S.C. § 1446(b) establishes a jurisdictional requirement that may not be equitably tolled." *Id*. at * 4. The undersigned finds that the one-year limit is absolute and cannot be equitably tolled. The plain language of the statute, legislative history of the statute, and precedent in this district compel this result. It is true, as defendant notes, that this finding may permit forum manipulation by plaintiffs. Nevertheless, creating an equitable exception for § 1446(b) would "[contravene] the Court's role of interpreting and applying a statute as written by Congress." *Harris*, 2007 WL 1701868, at * 3 (citing *United States v. White Plume*, 447 F.3d 1067, 1076 (8th Cir.2006) (acknowledging that Congress, not the courts, write statutes)).

*Cole v. Amerigon Inc.*, No. 1:10CV00172, 2010 WL 5392752, at *2-4 (E.D.Mo. Dec. 21, 2010) (footnotes omitted). Like Judge Blanton, other "district courts in the Eighth Circuit have held that even where there is 'strong evidence' of forum

manipulation, the [ ] 'one-year limitation is absolute' and cannot be equitably tolled." *Schafer v. Bayer Cropscience LP*, No. 4: 10CV00167, 2010 WL 1038518 BSM, at *2 (E.D.Ark. Mar. 19, 2010) (quoting *Advanta Tech.*, 2008 WL 4619700, at *3; *Thelen v.. Wakonda Club*, No. 4:04CV40035, 2004 WL 1737382, at *3 (S.D.Iowa Jul. 23, 2004)). These courts have reasoned that "if Congress had wanted § 1446(b) to be claim or party specific, it could have worded the provision to make it so.... Because Congress did not do this, the court should not reword the statute to make it read this way." *Manske v. Rocky Mountain Holding Co., LLC*, No. 4:06CV3198, 2007 WL 570327, at *1 (D.Neb. Feb. 14, 2007); *Staggs v. Union Pacific R. Co.* 2011WL 335671, 1 -4 (E.D.Ark.,2011).

## Conclusion

Based upon the foregoing analysis, Plaintiff's Motion to Remand is well taken. This matter was removed beyond the one year limitation period provided in Section 21446, and was therefore untimely.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand, [Doc. No. 8] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for Jefferson County, Missouri.

Dated this 22nd day of July, 2011.

                                  _____

                                    HENRY EDWARD AUTREY
                          UNITED STATES DISTRICT JUDGE